Burket, J.
The facts and circumstances out of which this action grew, as shown by' the record, are as follows: On and before March 1, 1885, Grove E. Clark and the defendant below, James W. Brockway, were close friends and frequently went about the country together. Mr. Clark had inherited quite a fortune, and fell into the habit of drinking to excess, and had spent some ten thousand dollars of cash, and often borrowed of his friends. Matters grew so bad that on the second day of March, 1885, application was made to the probate court of Trumbull county for the appointment of a guardian for Mr. Clark, on the ground that he was an inebriate. Notice of this application was served on Mr. Clark on the fourth or fifth day of March, and Mr. Brockway had notice of the application on the same day. The application was set for hearing on March 9, and was continued and the appointment of the guardian was finally made o.n March 28, 1885.
About the last of February, 1885, Mr. Clark took sick at the Sawdy hotel, at Kinsman, in Trumbull county, and was in a condition to require the services of a nurse to wash and cleanse him and his clothes and bed, and he employed the defendant below to nurse him during his sickness, and in payment for his services agreed to supply him with a harness. Defendant ■ accepted the employment on the terms named, and at once went to the harness shop and looked oyer the stock on hand, and among others the harness in question, but made no selection at that time. Defendant nursed Mr. Clark for about two weeks from and after the last day of February or first day of March, under and- in pursuance of this contract between them. On the 10th day of March, Mr. *195 Clark gave defendant below an order on the harnessmqker for the harness, which, was presented the same day and not honored. Thereupon Mr. Clark and defendant on the same day went to the harness shop together, and Mr. Clark requested the harness maker to let defendant have the harness, which was agreed to. Afterward on the same day the harness maker delivered the harness to defendant, in the absence of Mr. Clark, and afterward on the same day, in the absence of defendant, received, from Mr. Clark his note for thirty.dollars for the harness. Defendant retained the harness until about May 1, 1885, when it was taken from him in this action of replevin.
The petition in the common pleas avers that defendant at the commencement of this action, and for ten days before that time, wrongfully detained from plaintiff, the following goods and chattels of the plaintiff, as guardian, to-wit: One single harness with gilt trimmings.
It will be noticed that this petition does not claim that the defendant detained the property for a longer period than ten days before the suit was commenced, and does not aver that plaintiff as such guardian was owner of the harness for a longer period than the ten days during which the property was so detained.
The answer admits that the case came into court by appeal and denies each and every other allegation therein contained. The answer further avers that, at the time of the commencement of the action, the defendant was lawfully in possession of the harness, that he was the owner thereof and that it was delivered and given to biun in good faith, as a consideration for necessaries, furnished, to Grove E. Clark, who was then owner of the *196 same, and that said necessaries so furnished consisted of care and nursing of said Clark while he was in a fit of sickness.
The ownership and rightful possession of the harness, at the time of the commencement of the suit, and for ten days previous thereto, is clearly put in issue by both the general denial, and the further averment that defendant was the owner and had lawful possession thereof, and this is as far as any issue is made up by the pleadings.
The defendant goes further in his answer and shows how he became owner, and avers that Mr. Clark was owner of the harness at the time it was delivered to defendant, as a consideration for necessaries furnished to him. No reply appears in the record, so' that the manner of- acquiring ownership is not denied;-'and it stands admitted that the harness was delivered and given to defendant in’ good faith, as a consideration for care, nursing and necessaries furnished to Mr. Clark while he was in a fit of sickness. The time of the sickness and of the delivery of the harness, does not appear in the pleadings, but the testimony shows that it was the last day of February or fore part of March, as above stated.
There is no inconsistency in the pleadings, and the latter part of the answer does not modify or contradict the general denial. While the answer avers that at some time Mr. Clark was owner of the harness, and that he delivered it to the defendant below, it -was claimed upon the trial, as one defense, that the title to the harness was never in Mr. Clark, but passed directly from the harness maker to the defendant; and evidence was introduced, without objection, and the trial proceeded *197 upon that theory, notwithstanding the state of the pleadings.
If the charge of the court, excepted to, had reference to this phase of the case, as so made by the evidence, it was clearly right, because if defendant below did not derive title to the harness from Grove E. Clark, but from the harness maker, his title was unimpeachable. That the court had the right to submit the case to the jury upon the evidence introduced, notwithstanding the state of the pleadings, is shown by the case of Mehurin v. Stone, 37 Ohio St., 49-58.
As another phase of the ease, the defendant below claimed that the contract of hiring and promise to pay for the services rendered by delivery of the harness, completed the sale, if sale there was, as of the date of - the hiring, even though the harness was handed over by the harness maker some days later.
As still another phase of the case, the defendant below regarded the delivery-of the-harness as a payment for services rendered under a contract made before application was made for the appointment of a guardian for Mr. Clark.
Opposed to these three phases of defense the plaintiff; below regarded the transaction as a sale of the harness by Mr. Clark to defendant below, after notice of the application for the appointment of a guardian, and therefore void under the statute. .
Upon the phase of a sale of the property as claimed by the parties, the court charged the jury as follows:
“The court says to you, as matter of law, that to constitute a valid sale of this harness by Clark to. Brockway, it must have been before Brockway *198 had notice of the application for the appointment of a guardian for Clark, and any sale after notice upon Brockway would confer no title upon the defendant. ’ ’
To this charge there was no exception.
Upon the phase of the case that the delivery of. the harness was in payment of the services rendered under the contract of hiring’, the eoúrt charged the jury as follows:
“You are further instructed that if you find from the evidence that Grove E. Clark and the defendant entered into an agreement prior to the time of the filing of this application for guardian, or before he had notice of' the same, that in consideration of services rendered by the defendant, said Grove E. Clark would purchase a harness for the defendant, and that pursuant to such an agreement the services were rendered as agreed, and that said harness was selected by the defendant, and delivered to him by James Clark (the harness maker), upon the order, either verbal or written, of said Grove E. Clark, and that the harness remained in the possession of the defendant until taken on the writ of replevin in this ease, then you should find for the defendant, and assess him such damages as is shown to you that this property was worth at the time it was taken.”
There was an exception to this part of the charge, which resulted in the reversal of the judgment of the court of common pleas.
A transfer of property for cash, is a sale by one, and a purchase by the other. It is not a sale by both, nor a purchase by both. A party who hires a hand may pay him in cash or personal property, and the receipt of the property instead of cash, is not a purchase by the hand, but a payment to him.
*199 Whether a delivery of the harness to defendant below was a sale or payment, depends upon the circumstances. If Mr. Clark was in a fit of sickness and required a nurse to take care of him, and applied to defendant and said to him, “If you will nurse and take care of me I will give you a harness as compensation,” and defendant having accepted and rendered the service, and. received the harness, the delivery of the harness was clearly a payment. On the other hand, if the defendant below desired to procure a harness, and applied to Mr. Clark therefor, and proposed that if Mr. Clark would deliver to him a harness, he would work for him to the value of the same, or nurse and take care of him in payment therefor, and in that way obtained the harness, such transaction was a' sale on the part of Clark, and a payment on' the part of defendant.
There was evidence strongly tending to show that Mr. Clark was seeking a nurse; that he stood in sore need of one, and agreed to make payment by the delivery of a harness, and that defendant below accepted the offer, rendered the service and received the harness as payment therefor.
Such a transaction is not prohibited by section 6318, Revised Statutes, which is as follows:
“At least five, and not more than ten days, prior to the time when the application for the appointment of the g’uardian authorized by the foregoing section shall be made, a notice, in writing, setting forth the time and place of the hearing of the application, shall be served upon the person for whom such appointment shall be sought; and from the time of the service of such notice until the hearing, or the day thereof, as to all persons having notice of such proceeding, no sale, gift, convey *200 anee, or incumbrance, of the property of such intemperate person or habitual drunkard, shall be valid.”
It will be noticed that the inebriate is not prohibited by this section of the statute from making either purchases or payments. Only sales, gifts, conveyances and incumbrances are prohibited.
If the transaction was as claimed by defendant, the charge was correct. Defendant had a right to have this phase of the case submitted to the jury, and let the jury pass upon the question, and say whether the real transaction was as claimed by himself, or as claimed by the plaintiff.
The phase of the transaction, as claimed by each, was fairly submitted to the jury. True, the charge complained of is not as clear and definite as it might be, but clearness would only have made the case more favorable for the defendant.
In reversing the judgment of the court of common pleas, the circuit court erred.
Its judgment will, therefore, be reversed, and that of the common pleas affi/rmed.